**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LUIS BATTISTINI,

                                          Petitioner,

              - v -                                              Civ. No. 9:05-CV-1246
                                                                        (LEK/RFT)

WILLIAM BROWN, *Superintendent*,

                                          Respondent.

**APPEARANCES:**                                  **OF COUNSEL:**

LUIS BATTISTINI
Petitioner, *Pro Se*
02-B-0740
Eastern Correctional Facility
P.O. Box 338
Napanoch, N.Y. 12458

HON. ANDREW M. CUOMO                              ALYSON J. GILL, ESQ.
Attorney General for the State of New York        Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, N.Y. 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

      Presently before this Court is Luis Battistini's Petition for a Writ of *Habeas Corpus* brought

pursuant to 28 U.S.C. § 2254.[1]  In his Amended Petition, Battistini challenges his confinement on

the following grounds: (1) the prosecution failed to establish a reliable foundation to substantiate

the verdict of conviction; and (2) prosecutorial misconduct during summation.  Dkt. No. 3, Am. Pet.

at pp. 6 & 8.  For the reasons that follow, it is recommended that the Petition be **denied**.

---

      [1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and
N.D.N.Y.L.R. 72.3(c).

# I. BACKGROUND

On July 13, 2001, Petitioner Luis Battistini was indicted on four counts of criminal sale of a controlled substance in the third degree (N.Y. PENAL LAW § 220.39(1)) and four counts of criminal possession of a controlled substance in the third degree (N.Y. PENAL LAW § 220.16(1)).  State Court R. on Appeal (hereinafter "R."), Ex. A, Pet'r Appellate Br., App., Indictment dated July 13, 2001, at A1.[2]  At trial, the prosecution adduced evidence that Petitioner made four separate cocaine sales to three different police informants, all of whom were wired with listening devices and returned cocaine to police directly following the consummation of each sale.  R., Ex. M, Trial Tr., dated July 7-10, 2001, at pp. 342-49, 367-73, 400-424, 457-465, & 480-484.  For his part, Petitioner denied selling drugs to any of the police informants.  *Id*. at pp. 591-634.

A jury convicted Petitioner on all eight charges; he was sentenced as a second felony offender to consecutive indeterminate prison terms of ten (10) to twenty (20) years on each of the four sale charges, and indeterminate prison terms of ten (10) to twenty (20) years on each of the four possession charges.  The possession sentences were to run concurrently with sentences imposed on the sale charges.  Trial Tr. at pp. 771-72 & Sentencing Tr., dated Mar. 20, 2002, at pp. 22-25.

On direct appeal, Petitioner raised the following grounds for relief: (1) the trial court erred in admitting four packets of cocaine into evidence because the foundation of reliability was lacking; (2) the prosecutor's reference in closing to Defendant's representation by two attorneys infringed upon his right to counsel; and (3) Petitioner's sentence was unduly harsh and excessive.  Pet'r Appellate Br. at pp. 4-11.  The Appellate Division, Third Department, upheld Petitioner's convictions on six of the eight counts, reversing one sale and one possession count because the death

---

[2] The Appendix to Petitioner's Appellate Division Brief has been pre-numbered A1-A65.  We will refer to said numbering for ease of reference.

of the informant who participated in that sale prevented the prosecutor from establishing a reliable chain of custody for the cocaine that was recovered. *People v. Battistini*, 761 N.Y.S.2d 363 (N.Y. App. Div., 3rd Dep't 2003). The Appellate Division dismissed Petitioner's second and third claims. *Id*. Leave to appeal to the New York State Court of Appeals was subsequently denied.[3] *People v. Battistini*, 1 N.Y.3d 568 (N.Y. Ct. App. 2003). On July 11, 2004, Petitioner filed a motion to vacate the judgment pursuant to N.Y. CRIM. PROC. L. ("CPL") § 440.10, however that motion was eventually withdrawn.[4] R., Exs. F, Pet'r First Mot. to Vacate, dated July 11, 2004, J, Pet'r Second Mot. to Vacate, dated Apr. 28, 2005 & L, § 440 Hr'g Tr., dated Sept. 9, 2005, at pp. 1-7. On October 3, 2005, Petitioner filed the instant *habeas* Petition.[5] Dkt. No. 1, Pet.

## II.  DISCUSSION

### A.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

---

[3] Petitioner's letter seeking leave to appeal to the Court of Appeals was not provided in the state court record, so we assume, as does Respondent, that Petitioner raised the same grounds in his application for leave to appeal as he did in his appeal to the Appellate Division, Third Department. *See* Dkt. No. 7, Resp't Br. at p. 9 n.7.

[4] Petitioner filed two § 440 motions, both raising the same issues, the first of which was apparently withdrawn by Petitioner's lawyer without his consent. Am. Pet. at p. 4. Petitioner then renewed his § 440 motion, which included the sworn affidavit of Edwin Merrero, an informant and witness for the prosecution at trial who, subsequent to Petitioner's conviction, swore that he had received threats and promises from police which coerced him to testify against Petitioner. However, Petitioner again withdrew his motion upon learning that Merrero was going to recant that affidavit. *Id*. at p. 5.

[5] This Petition is timely. As Respondent notes, Petitioner's conviction did not become final until March 3, 2004, 90 days after the Court of Appeals denied him leave to appeal on December 3, 2003. The statute of limitations (SOL) ran for 130 days before Petitioner filed his first CPL § 440 motion on July 11, 2004. Petitioner withdrew that motion on February 3, 2005, allowing the SOL to run another 84 days until he filed a second CPL § 440 motion on April 28, 2005. That motion was withdrawn on September 9, 2005, and the SOL ran another 24 days before the instant Petition was filed on October 3, 2005. Thus, a total of 238 days ran on the one year SOL imposed by 28 U.S.C. § 2244(d)(1). *See* Dkt. No. 7, Resp. at pp. 8-9.

1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hawkins v. Costello*, 460 F.3d 238 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679, at *3 (S.D.N.Y. Aug. 28, 2003).  The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled?  2) If so, was the state court's decision "contrary to" that established Supreme Court precedent?  3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

## B. Reliable Foundation Claim

In his first ground for *habeas* relief, Petitioner asserts that at trial, the prosecution "did not establish[] a reliable foundation to substantiate the verdict of conviction."  Am. Pet. at p. 7.  To the

extent Petitioner is challenging the convictions that arose out of his transaction with informant Edward Brown, who died before trial, the Appellate Division reversed those convictions, and Petitioner's claim in that respect is therefore moot.  *See generally Delgado v. Duncan*, 2003 WL 23185682, at *5 (E.D.N.Y. Nov. 4, 2003) (dismissing as moot petitioner's claim that his conviction for criminal possession of a controlled substance should be dismissed, since petitioner had already received relief on that claim from the state Appellate Division, which vacated his conviction on that crime and dismissed the count from the indictment).

Furthermore, Battistini cites to no federal legal authority for his claim that the prosecution failed to establish a reliable chain of custody for the evidence introduced.  To the extent that he bases his claim on the state law rules of real evidence referenced in his Appellate Brief, it is well-settled that claims based solely on state law grounds are generally not cognizable on federal *habeas* review.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citation omitted); *see also Mariani v. Kelly*, 2001 WL 1860961, at *4 (N.D.N.Y Jan. 17, 2001).

For these reasons, it is recommended that this claim be **dismissed**.[6]

### D.  Prosecutorial Misconduct

In his second ground for *habeas* relief, Petitioner asserts that statements made by the prosecutor at summation impinged upon his Sixth Amendment right to counsel and constituted reversible error.[7]

---

[6] To the extent Petitioner intended to raise a sufficiency of the evidence due process claim, such claim would be unexhausted and procedurally barred because it was not raised on direct appeal.  *See Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (To satisfy the exhaustion requirement, a defendant must "present the substance of the same federal constitutional claim[s]" to the state courts "that he now urges upon the federal courts[.]" (internal quotation marks omitted)); *see also supra* Part I at pp. 2-3.

[7] We note that in his Appellate Brief, Petitioner framed this prosecutorial misconduct claim as a violation of his Sixth Amendment right to counsel, however, the substance of his claim on appeal and before this Court indubitably
(continued...)

For *habeas* relief to be granted based on a claim of prosecutorial misconduct, the alleged misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In considering such claims, courts focus on "the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). Since a defendant's right to a fair trial is clearly established, *see Williams v. Walker,* 2001 WL 1252105, at *2 (E.D.N.Y. Oct. 31, 2001); *Porter v. Kelly*, 2000 WL 1804545, at *4 (E.D.N.Y. Dec. 5, 2000); *Concepcion v. Portuondo*, 1999 WL 604951, at *4 (S.D.N.Y. Aug. 10, 1999), Battistini may prevail on this ground for relief only if he demonstrates that the Appellate Division's adjudication of his claim alleging prosecutorial misconduct is either contrary to, or involved an unreasonable application of Supreme Court precedent.

In the case at bar, the prosecutor stated to the jury at summation, "You've been here this week. He's got two lawyers. He's got brand new suits." Trial. Tr. at p. 704. The court sustained Petitioner's ensuing objection, and instructed the jury not to speculate. *Id.* In addition, the court allowed Petitioner to draft a curative instruction that was read to the jury. The instruction stated:

> The defendant's attorney has objected to Mr. Conboy's comment in his summation to the effect that the defendant has two attorneys. You may recall Mr. Conboy's

---

[7](...continued)
calls to mind a right to fair trial/due process claim based on prosecutorial misconduct. *See* Am. Pet. at p. 8 ("The comments made by the People were prejudicial and inferring.") & Pet'r Appellate Br. at pp. 7-8 ("The prosecution's comments were highly prejudicial and infringed on defendant's constitutional rights[.]"); *see also Daye v. Attorney Gen. of the State of New York*, 696 F.2d at 191. In addition, Petitioner's Appellate Brief cites cases that specifically reference the Fourteenth Amendment and due process considerations. Pet'r Appellate Br. at pp. 7-8. Furthermore, the Supreme Court has held that the impingement of a defendant's constitutional rights implicates due process and fundamental fairness considerations. *See Doyle v. Ohio*, 426 U.S. 610, 618 (1976). Therefore, we construe Petitioner's claim that the prosecutor's comments impinged upon his Sixth Amendment right to counsel as asserting a due process violation, not as a violation of his right to counsel in the abstract. *See Washington v. Harris*, 486 F. Supp. 1037, 1042-43 (D.C.N.Y. 1980) (construing Petitioner's *habeas* claim that the prosecutor impinged upon his Sixth Amendment rights as a question of fundamental fairness).

comment.  I want to advise you and instruct you that you are not to draw any inference unfavorable to the defendant from Mr. Conboy's comment and are to disregard Mr. Conboy's comment in its entirety.  You are instructed, and it is our law, that every defendant has a right to counsel.

*Id.* at pp. 756-57.

Considering Petitioner's claim that the statement was grounds for reversible error, the Appellate Division stated that "[w]hile the prosecutor's comment was clearly improper, we find the comment constituted harmless error in light of the curative instructions given by the court and the overwhelming evidence of defendant's guilt on the remaining charges[.]" *People v. Battistini*, 761 N.Y.S.2d at 639 (citations omitted).

We join the trial court and Appellate Division in acknowledging that the prosecutor's comments were improper.  *See, e.g., United States v. Young*, 470 U.S. 1, 7 n.5 (1985) ("The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.") The comments were clearly offered to induce the jury to assume that Petitioner was a drug dealer based on the clothing he wore and his ability to hire more than one attorney.  However, our task on *habeas* review is limited to assessing whether the improprieties that occurred violated Petitioner's due process rights.

When, as here, a prosecutorial misconduct claim is predicated upon statements made at summation, *habeas* relief is available only if Petitioner "suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict." *Tankleff v. Senkowski*, 135 F.3d 235, 252 (2d Cir. 1998) (quoting *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994)).  To determine whether a prosecutor's conduct caused substantial prejudice, a *habeas* court should consider: (1) the severity of the misconduct; (2) the measures adopted by the trial court to cure the misconduct; and (3) the certainty of conviction

absent the prosecutor's remarks. *See Williams v. Duncan*, 2007 WL 2177075, at *26 (N.D.N.Y. July 27, 2007) (citing, *inter alia, Bently v. Scully*, 41 F.3d at 824).

In this case, the prosecutor's improper remarks constituted "isolated, aberrant incident[s] of prosecutorial misconduct in an otherwise fair proceeding." *Rasmussen v. Filion*, 2005 WL 318816, at *9 (W.D.N.Y. Feb. 9, 2005). Although improper, the relative severity of these comments does not rise above similar improper prosecutorial commentary which courts in this Circuit have found did not constitute due process violations. *See, e.g., Murray v. Schultz,* 2005 WL 1523504, at *17-18 (S.D.N.Y. June 29, 2005) (outright statement that the defendant was an "expert drug dealer" did not constitute a due process violation because it was "unlikely to have swayed the jury towards a guilty verdict."); *see also Stephens v. Superintendent*, 2008 WL 755278, at *5 (N.D.N.Y. Mar. 19, 2008) ("A prosecutor's reference to a defendant as a 'sexual predator' does not justify habeas relief"). In addition, the comments were promptly objected to and sustained by the trial court as improper. The court then allowed the Petitioner to draft the curative instruction which was read to the jury.

Finally, the evidence presented against Petitioner at trial was substantial. The charges against him were predicated upon four separate sales of cocaine to three different police informants. In each instance, prior to each sale, the police searched the informant, wired him with a transmitter, and gave him forty dollars cash. Trial Tr. at pp. 343-44, 365, 367, 370, 412, & 419-20. The police observed the informants until they disappeared from plain view, at which point they listened to the conversations between the informants and Petitioner. *Id.* at pp. 345, 367-70, 404-09, 421-22, 446, & 482-83. After each meeting, the informants returned soon thereafter with bags of cocaine. *Id*. at pp. 345-47, 369, 372, 409, 415, 424, 453, 462, 519, 524, 528-31, & 533-34. This overwhelming evidence convinces us that Petitioner's guilt would have been certain even in the absence of the

prosecutor's improper comments at summation.

Therefore the Appellate Division's ruling that the comments constituted harmless error was not an unreasonable application of established Supreme Court precedent.  For these reasons, this claim should be **dismissed**.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   June 2, 2008
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge